PER CURIAM.
David F. Brown appeals an order granting a writ of replevin pursuant to subsection 78.067(2), Florida Statutes (1991), and an order setting the amount of the bond to stay the writ. We affirm in part and reverse in part.
The trial court conducted a hearing under the statute in order to “make a determination of which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties. This determination shall be based on a finding as to the probable validity of the underlying claim alleged against the defendant.” Id. § 78.067(2). Although there was conflicting evidence before the court, there was substantial competent evidence supporting the trial court’s determination, at this preliminary stage, that there was probable validity of the underlying claim against the defendant. There was no abuse of discretion under the circumstances of this case in the trial court’s declining to stay the hearing.
With regard to the bond, appellees Steven K. Steiner and Affordable Auto Leasing, Inc., concede that the amount of the bond must be reduced from $125,000 to $100,000. See id. § 78.067(2) (“However, the order shall be stayed pending final adjudication of the claims of the parties if the defendant files with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property.”) See generally H. Trawick, Florida Practice & Procedure § 34-2, at 555 (1991). Appellees concede that they erroneously relied on subsection 78.068(4), Florida Statutes (1991). That *1271 section, which requires a higher bond, is not applicable to this case. Accordingly, the bond must be reduced to $100,000.
Brown argues that the trial court erred by finding the value of the property to be $100,000, and argues that the value should have been set at a much lower amount. While there was conflicting evidence on that point, there is substantial competent evidence in the record supporting the value found by the trial court.
Brown also argues that the order entered by the trial court should have set forth the value for each of the two items at issue here, rather than an aggregate valuation of $100,000. As appellees agree that the order should be amended to so state, we need discuss the point no further.
Affirmed in part, reversed in part, and remanded with directions to reduce the bond and amend the order determining the value of the property.